IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ERIC DESHAUN SMITH, #20890-078 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:19cv93 <br> CRIMINAL ACTION NO. 4:13cr29(1) |
| UNITED STATES OF AMERICA | § | |

### ORDER OF DISMISSAL

This case was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation recommending that Movant's case should be denied and dismissed with prejudice because it is barred by the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Report (Dkt. #9), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and Movant filed objections (Dkt. #12). After conducting a *de novo* review of the objections raised by Movant to the Report, the Court concludes they are without merit.

In Movant's objections, he reasserts his argument that he should be granted equitable tolling based on ineffective assistance of counsel. The United States Supreme Court confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). In this case, Movant claims that counsel's ineffectiveness in his first § 2255 case, which was dismissed without prejudice, entitles him to equitable relief in this case. *See* Civil Action No. 4:15cv713. United States District Judge Marcia A. Crone addressed this argument in that case (Civil Action No. 4:15cv713, Dkt. #20). There, Movant filed a postjudgment motion for relief

1

asking for relief based on ineffective assistance of counsel. Judge Crone noted, however, that a constitutional right to effective assistance of counsel does not extend to collateral motions, and denied postjudgment relief. *Coleman v. Thompson,* 501 U.S. 722, 752 (1982); *Wainwright v. Torna*, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).

The Court also notes that Movant pled guilty to the charged offense in his underlying criminal case, received the benefit of acceptance of responsibility, and was sentenced below the statutory guideline range. It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below. *United States v. Barrientos*, 668 F.2d 838, 842 (5th Cir.1982).

In sum, Movant filed the instant § 2255 motion more than two hundred days beyond the limitations deadline and fails to show any valid basis upon which to equitably toll the statute of limitations. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998) (to qualify for equitable tolling, the movant must present "rare and exceptional circumstances"). Accordingly, the Report of the Magistrate Judge appropriately concludes that Movant's untimely § 2255 motion should be denied. For these reasons, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

It is therefore **ORDERED** Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions by either party not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 6th day of July, 2020.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE